**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

BRYCE BOUDIEU,

    Plaintiff,

v.                                                                                       2:23-cv-00165-DHU-JHR

SHAE COX AND SLC RACING, LCC.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO DISMISS FOR LACK OF PERSONAL**
**JURISDICTION WITHOUT PREJUDICE,**
**GRANTING PLAINTIFF' REQUEST FOR JURISDICTIONAL DISCOVERY**
**AND REFERRING MATTER TO MAGISTRATE JUDGE FOR DISCOVERY**

    **THIS MATTER** comes before the Court on Defendants Shae Cox and SLC Racing, LLC's ("Defendants") Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) or, in the alternative, Motion to Dismiss for Improper Venue, and in the alternative, Motion to Transfer Venue. (Doc. 8) The Court held a hearing on the motion on November 15, 2023.  During the hearing, Plaintiff requested an order permitting jurisdictional discovery regarding the assertions made in Defendants' Rule 12(b)(2) Motion to Dismiss.

    Having considered the briefs, relevant law, and being fully informed of the premises, the Court finds that there are unresolved factual disputes concerning personal jurisdiction over Defendants. Therefore, the Court grants Plaintiff's request for jurisdictional discovery, denies Defendants' Motion to Dismiss, or, in the alternative, Motion to Dismiss for Improper Venue, and in the alternative, Motion to Transfer Venue without prejudice, and refers the matter to the Magistrate Judge assigned to this case to preside over the jurisdictional discovery process.

# I.
# BACKGROUND

This matter arises from an incident that transpired on August 11, 2022, during which Plaintiff sustained injuries when a horse toppled on him. The incident occurred at 12611 County Line Road, Elgin, Texas. On February 24, 2023, Plaintiff filed a Complaint before this Court alleging complete diversity between Plaintiff and Defendants and that the amount in controversy exceeds $75,000. (Doc. 1) Plaintiff alleges that the incident occurred due to the negligence of Defendants, Shae Cox and SLC Racing, LLC. Defendant Shae Cox is an individual and the alleged sole owner of SLC Racing, LLC. Defendant SLC Racing, LCC is a Texas limited liability company that is in the business of training, racing, and breeding competitive racehorses.

Defendants moved to dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12 (b)(2), or in the alternative move to dismiss for improper venue, and in the alternative, move to transfer venue. (Doc. 8) Defendants allege that they are both citizens of Texas and that they lack sufficient minimum contacts to be sued in New Mexico. *See generally id.* They allege that the only "substantial connection that this case has to New Mexico is the fact that Plaintiff is 'a resident and citizen of Santa Teresa, New Mexico.'" *Id.* at 5. Subsequently, Plaintiff submitted a response to the Defendants' motion for dismissal, asserting that Defendants maintain minimum contacts within the state of New Mexico. (Doc. 11) Plaintiff's response included several exhibits intended to serve as evidence of sufficient contacts. *Id.* Defendants then filed a reply raising objections to the exhibits presented in Plaintiff's response and addressing the allegations concerning adequate minimum contacts. (Doc. 13) Following this, Plaintiff submitted a motion to file a surreply (Doc. 14), but the Court rejected the request, and instead, scheduled a hearing on the motion. The Court held the hearing on November 15, 2023. During the hearing, Plaintiff

requested that the Court allow limited jurisdictional discovery before deciding the motion and Defendants did not oppose the request.

## II.
## DISCUSSION

"When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling–Temco Vought, Inc.,* 511 F.2d 1033, 1035 (10th Cir. 1975). "District courts are endowed with broad discretion over discovery, including whether to grant discovery requests with respect to jurisdictional issues." *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1233 (10th Cir. 2020) (citing *Budde*, 511 F.2d at 1035). "A district court abuses its discretion in denying a jurisdictional discovery request where the denial prejudices the party seeking discovery." *Id.* (citation omitted). "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted ... or where a more satisfactory showing of the facts is necessary." *Sizova v. Nat. Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (citation omitted). However, "pure speculation as to the existence of helpful facts is insufficient, as a matter of law, to constitute the type of prejudice that warrants" jurisdictional discovery. *Dental Dynamics, LLC*, 946 F.3d at 1234. (citation omitted). "The party seeking discovery bears the burden of showing prejudice." *Id.* at 1233.

The Court concludes that Plaintiff has sufficiently demonstrated that he is entitled to jurisdictional discovery. Plaintiff has adequately conveyed the necessity for a more comprehensive presentation of the facts and has established that the absence of such factual development would result in prejudice to the Plaintiff. Furthermore, during the November 15, 2023, hearing, Defendants did not oppose the request for discovery.

## III.
## CONCLUSION

For the reasons set forth above, the Court finds that jurisdictional discovery is warranted. The Court expects that after the jurisdictional discovery is completed the parties will resubmit their briefs, integrating any new discovery information at that time.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss, or, in the alternative, Motion to Dismiss for Improper Venue, and in the alternative, Motion to Transfer Venue (**Doc. 8**) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's request for jurisdictional discovery is hereby **GRANTED** for the reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that discovery be opened for a ninety-day period. During this period, discovery shall be limited to the issues related to this Court's jurisdiction over Defendants.

**IT IS FURTHER ORDERED** that this matter is referred to the Magistrate Judge assigned to this case to determine discovery deadlines and handle discovery matters.

**IT IS FURTHER ORDERED** that Defendants may re-file their motion to dismiss once jurisdictional discovery is complete.

HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE