## IN THE UNITED STATES DISTRCT COURT
## FOR THE DISTRICT OF NEW MEXICO

BRYCE BOURDIEU,[1]

      Plaintiff,

v.                                                                                          No. 2:23-cv-00165-DHU-JHR

SHAE COX *and* SLC RACING, LLC,

      Defendants.

## MEMORANDUM OPINION AND ORDER ON PARTIES' DISCOVERY MOTIONS

THIS MATTER is before the Court on two motions: first, Defendants' Motion "for a Protective Order halting the Depositions noticed by Plaintiff for February 28, 2028 [*sic*] and for a Stay of Discovery Pending Resolution of the Defendants' Pending Motion to Dismiss," [Doc. 43][2] ("Defendants' Motion"), and second, Plaintiff's Motion to Compel Depositions, [Doc. 44] ("Plaintiff's Motion").  Briefing is complete on both Motions, so they are ripe for decision.  Based on the parties' arguments and the relevant law, the Court grants Defendants' Motion as to the protective order, denies it as to the stay on discovery, and denies Plaintiff's Motion entirely.  A new initial scheduling order shall be entered so that full discovery can begin in earnest.  Additionally, because this Order moots Plaintiff's Motion to Extend Discovery Deadlines, [Doc. 54], that motion is denied as moot.

---

[1] Plaintiff's last name was spelled "Boudieu" in the Original Complaint but is spelled "Bourdieu" in more recent filings.  *See* [Doc. 1, p. 1], [Doc. 35, p. 1].  Although the style of the case has not been corrected on the District's Case Management/Electronic Case Files ("CM/ECF") system, the undersigned Magistrate Judge adopts the new spelling going forward.

[2] Defendants' Motion is mistitled "Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Pursuant to the Proper Application of Texas Law[.]"  *See* [Doc. 43, p. 1].

I.    **BACKGROUND AND PROCEDURAL HISTORY**

This case began in February 2023 when Plaintiff Bryce Bourdieu sued Defendants Shae Cox and SLC Racing, LLC for personal injuries allegedly caused by a horse owned or possessed by the Defendants while Bourdieu worked for them in Texas.  *See* [Doc. 1, pp. 2–3].[3] Defendants appeared in April 2023 and responded with a Motion to Dismiss, arguing that this Court lacked personal jurisdiction over them and that venue was improper.  [Doc. 8, pp. 2–8].  In December 2023, the presiding District Judge denied the Motion to Dismiss without prejudice and held that jurisdictional discovery should be allowed to determine whether this Court could exercise personal jurisdiction over the Defendants and whether this Court is a proper venue. [Doc. 25, pp. 3–4].  The matter of jurisdictional discovery was referred to the undersigned Magistrate Judge and a scheduling order for limited jurisdictional discovery was issued.  *See id.* at 4; [Doc. 26].  Under that order, jurisdictional discovery closed on March 18 and related motions would have been due March 25.  [Doc. 26, p. 2].

The new year brought new lawyers and new arguments.  In late January 2024, new counsel appeared for Cox and SLC Racing while their prior attorney was permitted to withdraw. [Docs. 27, 29].  Two potentially dispositive motions were then filed in February.  First, Bourdieu moved for leave to amend his Original Complaint.  [Doc. 35].  Among other things, the Proposed Amended Complaint makes allegations apparently intended to avoid dismissal under the Texas Farm Animal Liability Act, Tex. Civ. Prac. & Rem. Code chap. 87 ("the Act").  *See id.* at 4–6. The same day, Cox and SLC Racing moved to dismiss Bourdieu's Original Complaint for failure to state a claim.  [Doc. 37].  The primary argument in the Motion to Dismiss is that Texas

---

[3] Citations to case documents, available on CM/ECF, refer to the CM/ECF-generated pagination at the top of each page, rather than internal pagination.

substantive law controls and that Defendants are immune under the Act.  *See id.* at 5–6.  Those matters remain pending before the Court.

In the background of all this, the parties began jurisdictional discovery – or, tried to. Counsel began coordinating on discovery in early February, with defense counsel suggesting that they were "willing to waive any arguments . . . regarding personal jurisdiction" as early as February 5, 2024.  [Doc. 50, p. 17].  On February 12, Plaintiff's counsel stated they needed to depose the Defendants and proposed several dates.  *Id.*  On February 16, Plaintiff's counsel followed up and stated their intention to hold three depositions in El Paso, Texas, on February 28.  *Id.* at 19.  Defense counsel stated that February 28 would not work and asked for a conferral pursuant to Federal Rule of Civil Procedure 37.  *Id.*  Lawyers on each side then fired emails back and forth as Plaintiff's counsel continued asking for specific dates for depositions and defense counsel asked for an oral conference, neither side agreeing to anything.  *See id.* at 19–23. Defense counsel specifically argued that a deposition could not be noticed more than 100 miles from the deponent's residence and suggested depositions in Austin, Texas or via Zoom.  *Id.* at 24.

On February 20, 2024, Bourdieu's lawyers noticed the oral depositions of Defendant Shae Cox, a witness named Tony Atkinson, and Plaintiff Bourdieu.[4]  *See* [Doc. 43-2, p. 4] (email dated February 20, 2024, from Plaintiff's counsel sending the deposition notices); [Doc. 43-3] (copies of the notices); [Doc. 44, pp. 5–10] (identical copies from Plaintiff's counsel).  The depositions were all set for February 29, 2024, in El Paso, Texas.  *See* [Doc. 43-3], [Doc. 44, pp. 5–10].  Defense counsel responded an hour later with a notice of nonappearance.  *See* [Doc. 44, p. 12].  Over email, defense counsel asked why Cox's deposition was set over 100

---

[4] Although Bourdieu says in his own Motion to Compel that the deposition notices were served on February 20, *see* [Doc. 44, p. 1], the deposition notices purport to "certify that a true copy of the above and foregoing instrument was emailed and mail [*sic*] to [defense counsel] on this 14th day of February 2024."  *See* [Doc. 43-3, pp. 2–7], [Doc. 44, pp. 5–10].

miles from her residence, asserted that the noticed topics were outside the scope of jurisdictional

discovery, and asked to confer about these issues over the phone.  [Doc. 43-2, p. 3].  The Court

has no record of whether such a conference happened.

Two days later, the parties filed the present motions.  First, Cox and SLC Racing moved

the Court to issue a protective order to block the noticed depositions and for a stay on all

discovery until the Motion to Dismiss, [Doc. 37], is resolved.  [Doc. 43].  In Defendants' Motion,

Cox and SLC Racing waived their objections to the Court exercising personal jurisdiction.  *See*

*id.* at 2.  The next day, Bourdieu moved the Court to compel the depositions from which Cox and

SLC Racing now seek protection.  [Doc. 44].  Mindful of the March 18 discovery deadline, the

Court ordered expedited briefing.  [Doc. 48].  Briefing was timely completed and the motions are

now ripe for decision.

## II.   <u>DISCUSSION</u>

### a.   <u>*Defendants' Motion for Protective Order is Granted and Plaintiff's Motion to Compel is Denied*</u>

Whether to protect someone from a noticed deposition or compel her appearance for it

are two sides of the same coin, so these parts of the Motions are addressed together.  For the

reasons stated below, the Court grants protection and denies compulsion.

#### i.   <u>Relevant Law</u>

"A party who wants to depose a person by oral questions must give reasonable written

notice to every other party."  Fed. R. Civ. P. 30(b)(1).  In the District of New Mexico, deposition

notices under Rule 30(b) must be served "at least fourteen (14) days before the scheduled

deposition."  D.N.M.LR-Civ. 30.1.  Further, the Federal Rules limit the power of subpoenas to

command appearances to a radius of "100 miles [from] where the person resides, is employed, or

regularly transacts business in person[.]"  *See* Fed. R. Civ. P. 45(c)(1)(A).  Subpoenas are not

needed to depose parties, but the 100-mile radius is, at least, a yardstick for the reasonableness of a proposed location for a deposition.

On a party's motion and for good cause, courts can issue orders protecting parties and people "from annoyance, embarrassment, oppression, or undue burden or expense" which would be caused by discovery requests.  Fed. R. Civ. P. 26(c)(1).  Remedies available under Rule 26(c)(1) include "forbidding the disclosure or discovery" sought.  Fed. R. Civ. P. 26(c)(1)(A).  If, on the other hand, a protective order is denied, the Court may order the discovery.  Fed. R. Civ. P. 26(c)(2).  Whether to grant or deny a protective order is within the Court's discretion.  *See Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) ("The modification of a protective order, like its original entry, is left to the sound discretion of the district court").

ii.  Analysis

Protection is granted, and compulsion denied, for two reasons.  First, the depositions were untimely noticed.  Although Plaintiff's counsel began proposing deposition dates as early as February 16, notices for the February 29 depositions were not issued until February 20.  Nine days is fewer than the 14 days required by Local Rule 30.1, so the notices were untimely.

Second, the notices were unduly burdensome.  Defendant Cox lives in Hutto, Texas, and SLC Racing is in Elgin, Texas.  [Doc. 8, pp. 1–2].  Both towns are over 500 miles away from El Paso, Texas – five times the radius allowed for subpoenas under Rule 45.  Emails and representations by the parties suggest no efforts were made to time the depositions according to when the deponents might be in or near El Paso on other business or to ensure an accessible location.  Additionally, the short amount of time to prepare for the depositions and to make travel arrangements would have compounded the burdens of travel.  And although the email correspondence attached to the briefing is unflattering to all the lawyers involved, it should be

noted that Plaintiff's counsel at least proposed holding the depositions in Austin, Texas or remotely via Zoom, either of which would have significantly reduced these burdens. *See* [Doc. 50, p. 24]. The deposition notices adopted neither solution, insisting instead that witnesses come to the city where Plaintiff's counsel is based. These facts all weigh against holding the depositions as noticed, so they will not be.

      b. *Defendants' Motion to Stay Discovery is Denied*

In addition to requesting protection from specific deposition notices, Cox and SLC Racing ask this Court to stay all discovery and other pretrial litigation until the Court resolves their Motion to Dismiss. [Doc. 43, pp. 6–8]. For the reasons stated below, the request is denied.

      i. <u>Parties' Positions</u>

Cox and SLC Racing argue for a stay primarily by analogizing this case to qualified immunity cases. As they point out in briefing, Cox and SLC Racing have invoked statutory immunity under the Texas Farm Animal Liability Act. *See* [Doc. 37, pp. 5–7]; [Doc. 44, pp. 7–8]. They acknowledge that federal courts tend to disfavor stays pending dispositive motions but point out that there is an exception when governmental immunity defenses are in play. [Doc. 44, pp. 4–5]. In such circumstances, courts have found that discovery stays are appropriate, and because the Act is another kind of immunity, they argue the Court should apply the same rules as it would with qualified or absolute immunity. *See id.* at 7–8. Defendants also rely on a case holding that stays pending dispositive motions are appropriate when "the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome." *Id.* at 5 (quoting *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990)).

Bourdieu makes four counterarguments.  First, he says that Cox and SLC Racing are not immune because this case falls within an exception to the Act's protections.  [Doc. 51, pp. 1–2]. Second, he asserts the Motion to Dismiss is premature and that he "must be given a reasonable opportunity to present all the material that is pertinent to the motion," so discovery is necessary. *Id.* at 2.  Third, Bourdieu leans on the cases cited in the Defendants' Motion which state that discovery generally should not be stayed pending dispositive motions.  *Id.*  Finally, he flatly asserts that the "motion for protective order is without merit and borders on being frivolous."  *Id.*

        ii.  <u>Relevant Law</u>

As with other discovery matters, the Court has discretion to stay discovery pending resolution of other matters in the case.  *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) ("Discovery and scheduling are matters within the district court's broad discretion"). But that discretion should be exercised cautiously.  When "a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity" for the relief.  *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).  In the District of New Mexico, this holding has been interpreted as counseling against staying discovery pending the resolution of another issue in the case.  *See, e.g., S2 Automation LLC v. Micron Tech., Inc.*, 1:11-cv-00884-JB-WDS, 2012 WL 3150412 at *3 (D.N.M. July 23, 2012).  Judges elsewhere in the Tenth Circuit have similarly held that district courts should uphold a "general policy . . . not to stay discovery even though dispositive motions are pending."  *Kutilek*, 132 F.R.D. at 297.  It may be appropriate, however,

> for a court to stay discovery until a pending dispositive motion is decided, especially where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion, or where discovery on all issues of the broad complaint would be wasteful and burdensome.

*Id.* at 298.  If granted, the stay "must be drawn so as not to preclude a party from discovery on matters bearing on the dispositive motion." *Id.*

An exception to this general rule is that "discovery should not be allowed" – and thus stays should be granted – pending the resolution of a qualified or absolute governmental immunity defense.  *See Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992).  This is because such immunity "is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation." *Id.* (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)).

Although this Order will not address whether the Act applies to this case, the Texas Farm Animal Liability Act needs to be considered to decide whether discovery should be stayed while that issue is being litigated.  The Act states that

> persons . . . are not liable for property damage or damages arising from personal injury or death of a participant in a farm animal activity or livestock show if the property damage, injury, or death results from the dangers or conditions that are an inherent risk of a farm animal [or] a farm animal activity[.]

Tex. Civ. Prac. & Rem. Code § 87.003.  Relevant to this case, a horse is a "farm animal," and a wide range of actions often done with or around horses qualify as "farm animal activities."  *See id.* at §§ 87.001(2), (2-b), (3).  The Act makes exceptions to its non-liability rule where "the person provided the farm animal . . . and the person did not make a reasonable and prudent effort to determine the ability of the participant to engage safely in the farm animal activity" and where "the person committed an act or omission with wilful or wanton disregard for the safety of the participant and that act or omission caused the injury[.]"  *Id.* at §§ 87.004(2), (4).

  iii.  <u>Analysis</u>

Cox and SLC Racing have not made a "strong showing of necessity" for a stay.  Applying *Kutilek*'s three-factor test, Defendants fail on all counts.  First, Cox and SLC Racing have not shown that their Motion to Dismiss is likely to succeed.  Although they argue that Bourdieu's

pleadings do not satisfy plausibility pleading standards under *Twombly*[5] and *Iqbal*,[6] they merely gesture towards the argument without elaboration.  Second, SLC and Cox do not discuss whether cutting off discovery will affect the resolution of their dispositive motion.  This is a serious problem because the Act's provisions appear to be fact dependent.  The applicability of the Act depends on whether Bourdieu's injuries resulted "from the dangers or conditions that are an inherent risk of a farm animal," whether Cox or SLC Racing "did not make a reasonable and prudent effort to determine the ability of [Bourdieu] to engage safely in [a] farm animal activity," and whether Cox or SLC Racing willfully or wantonly disregarded Bourdieu's safety.  *See* Tex. Civ. Prac. & Rem. Code §§ 87.003, 87.004(2), (4).  These are all issues which may depend on facts which can only be learned through discovery, but Defendant's Motion just assumes the Act applies anyway.  Third, aside from their arguments for a protective order, Cox and SLC Racing do not address whether normal discovery will be unusually wasteful or burdensome.  On the whole, the Motion fails to make a strong argument on any of these issues, falling far short of a strong showing of necessity.

The analogy to qualified immunity fails, too, because the Act does not function like qualified immunity.  Qualified immunity protects government officials from the burdens of litigation, not just liability.  *Workman*, 958 F.2d at 336.  The Texas Farm Animal Liability Act, on the other hand, protects only from liability.  *See* Tex. Civ. Prac. & Rem. Code § 87.003.  The Act does not mention any other burdens associated with litigation, nor does it provide for litigation stays in Texas state court.  *See generally* Tex. Civ. Prac. & Rem. Code chap. 87.  This stands in contrast to other parts of the Code which explicitly require Texas state courts to stay or suspend litigation under specific circumstances.  *See, e.g., id.* at §§ 14A.051(d), 27.003(c), 74.351(s),

---

[5] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[6] *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

128.053(f), 138.004(a).  These statutes show that Texas lawmakers know how to say when litigation ought to pause and deliberately omitted such a provision from the Farm Animal Liability Act.  From this, we may infer that the policy considerations which favor staying litigation when qualified immunity is invoked are not in play when the Act is invoked.[7]  Defendants' analogy to qualified immunity is thus rejected and discovery will not be stayed.

      c.  _Discovery Shall Resume_

The reasons for limitations on discovery are no longer present in this case.  Discovery was originally delayed when Cox and SLC Racing moved to have this case dismissed or transferred based on arguments about jurisdiction and venue.  *See* [Docs. 8, 9].  Discovery was then narrowly opened to determine whether this Court had personal jurisdiction over the Defendants.  *See* [Doc. 25, p. 4]; [Doc. 26].  Now, however, Cox and SLC Racing have waived their objections to the Court's personal jurisdiction over them.  [Doc. 43, p. 2]; *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived").  The narrow scope and short timeframe of jurisdictional discovery is thus unnecessary.  And, as discussed above, their statutory immunity defense does not counsel in favor of a stay and may even require discovery to be fully and appropriately litigated.

Standard discovery should thus begin.  The Court shall issue an initial scheduling order which shall set deadlines for counsel to meet and confer and for the submission of a joint status report.  A scheduling conference shall follow, at which counsel and the undersigned Magistrate Judge shall formulate a discovery plan for this case.

---

[7] The Court takes no position on whether a state law which calls for a litigation stay would be substantive or procedural law under the *Erie* doctrine.  The fact that the Texas Farm Animal Liability Act is silent on whether to stay litigation while other provisions of Texas law explicitly call for it is merely persuasive as to whether the Act should be treated like qualified immunity.

### III. <u>AWARD OF EXPENSES UNDER RULE 37</u>

When a discovery motion "is granted in part and denied in part . . . after giving an opportunity to be heard," the Court may "apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  If Defendants see fit, they may file a motion for the award of reasonable fees and expenses arising from the part of their Motion which has been granted.

### IV. <u>PLAINTIFF'S MOTION TO EXTEND IS MOOT</u>

On March 13, 2024, Bourdieu filed Plaintiff's Motion to Extend Discovery Deadlines, [Doc. 54], requesting "an extension to the deposition dates, pending a rule [*sic*] by the Court." [Doc. 54, p. 1].  Discovery will be reopened and a new pretrial scheduling order shall be entered, effectively satisfying Bourdieu's request and rendering the Motion to Extend moot.  The Court thus denies that motion.

### V. <u>CONCLUSION</u>

Based on the discussion above, the Court orders the following:

(1) Defendants' Motion for Protective Order and for Stay of Discovery Pending Resolution of Pending Motion to Dismiss, [Doc. 43], is **GRANTED** as to the protective order against the depositions noticed by Bryce Bourdieu on February 20, 2024, to take place on February 29, 2024; and **DENIED** as to the requested stay of discovery pending resolution of the Motion to Dismiss, [Doc. 37].

(2) Plaintiff's Motion to Compel Depositions, [Doc. 44], is **DENIED.**

(3) Plaintiff's Motion to Extend Discovery Deadlines, [Doc. 54], is **DENIED AS MOOT.**

(4) A new initial scheduling order shall be entered concurrent with this Order and discovery shall resume.

(5) All deadlines and parameters still pending in the Court's Order Setting Deadlines and Parameters for Limited Discovery on Personal Jurisdiction, [Doc. 26], are **VACATED.**

**IT IS SO ORDERED.**

Hon. Jerry H. Ritter
United States Magistrate Judge