IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE BOUDIEU,

    Plaintiff,

vs.                                                                         No. 2:23-cv-00165-DHU-JHR

SHAE COX, and SLC RACING, LLC,

    Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend Complaint (Doc. 35) and Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Pursuant to the Proper Application of Texas Law (Doc. 37). For the reasons stated below, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendants' Motion as moot.

### I.
### Introduction and Background

Plaintiff filed this action on February 24, 2023. (Doc. 1, Plaintiff's Original Complaint). Plaintiff's cause of action arose from an incident that transpired on August 11, 2022, during which Plaintiff sustained injuries when a horse owned by Defendants toppled on him. The incident occurred on Defendant's property in Texas. Plaintiff alleges that the incident occurred due to the negligence of Defendants, who are in the business of training, racing, and breeding competitive racehorses.

1

Defendants did not immediately file an answer to Plaintiff's Original Complaint.  Instead, on April 3, 2023, Defendants moved to dismiss Plaintiff's action for lack of personal jurisdiction under Fed. R. Civ. P. 12 (b)(2) (Doc. 8). The Court held the hearing on Defendants' motion on November 15, 2023.  (Doc. 22). During the hearing, Plaintiff requested that the Court allow limited jurisdictional discovery before deciding the motion, a request that was not opposed by Defendants. (*See id*.)  Thereafter, on December 15, 2023, the Court issued a Memorandum Opinion and Order denying the motion to dismiss without prejudice and granting the parties' request for jurisdictional discovery. (Doc. 25). The Court referred the matter of jurisdictional discovery to United States Magistrate Judge J. Ritter. (*See id*.)  During a dispute over a request for a protective order and a stay of discovery, Defendants withdrew their challenge based on the alleged lack of personal jurisdiction.  (Doc. 43).

On February 14, 2024, well before Defendants filed an Answer to Plaintiff's Original Complaint, Plaintiff filed his Motion for Leave to Amend Complaint. (Doc. 35).  Through this motion, Plaintiff requests that he be allowed to amend his complaint to add additional information about Defendant's equine activities, to reword and add allegations to another paragraph of the complaint, to add new allegation for gross negligence, and to add additional language related to the Texas Workers Compensation Act.  (*See id*. at 1).  Defendants oppose Plaintiff's motion.

Later on the same day that Plaintiff filed his motion for leave to amend his pleading, Defendants filed their motion to dismiss Plaintiff's original complaint.  (Doc. 37). In their Motion, Defendants argue that the entire case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff's complaint fails to state a claim upon which relief can be granted. (*See id*.)

2

## II.
## Legal Standards

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. Unless the amendment is permitted as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a)(2), leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330, (1971) (quoted in *Minter v. Prime Equipment Co*., 451 F.3d. 1196, 1204 (10th Cir. 2006)). However, leave need not be granted on "a showing of undue delay, undue prejudice to the opposing party, bad faith dilatory motive, failure to cure deficiencies by amendments previously allowed, or *futility of amendment*." *Duncan v. Manager, Dep't of Safety, City & Cty. Of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quoting *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365 (10th Cir. 1993) (emphasis added). Indeed, the Tenth Circuit has affirmed denial of leave to amend based on futility alone. *See*, *e.g*., *Doe v. Woodward*, 912 F.3d 1278, 1302 n.28 (10th Cir.2019); *Peterson v. Grisham*, 594 F.3d 723, 731 (10th Cir. 2010); *Lind v. Aetna Health Inc*., 466 F.3d 1195, 1199-1201 (10th Cir. 2006). "Nevertheless, it is within the court's discretion to decline to engage in a futility analysis in the context of a motion to amend if the court determines the futility arguments would be more properly addressed in dispositive motions." *Complete Merch Sols., LLC v. Fed. Trade Comm'n*, 2020 WL 4192294, at 3* (D. Utah July 21, 2020) (string cite omitted).

The federal rules of civil procedure authorize a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The complaint's sufficiency is a question of law, and when considering a rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint need not set forth detailed factual allegations, yet a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See id.* at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010

### III.
### Discussion

**A. The Court Will Grant Plaintiff's Motion for Leave to Amend Because Defendants Have Not Shown That the Proposed Amendment Would be Futile.**

Defendants oppose Plaintiff's Motion for Leave to Amend on the grounds that allowing the amendment would be futile. (Doc. 40). The crux of Defendants' argument is that Texas law would apply to the claims brought by Plaintiff and, under the Texas Farm Animal Activity Act

4

("Farm Animal Act"),  Tex. Civ. Prac. & Rem. Code Ann. §§ 87.001-87.005,[1] Defendants cannot be held liable for the injury to Plaintiff.[2]  Because the Farm Animal Act applies to Plaintiff's claim, argue Defendants, the proposed amendment by Plaintiff would be futile, a proper basis for denying Plaintiff's Motion.

> **1. The Court cannot determine with certainty, at this stage of the litigation, whether Texas law would govern Plaintiff's claims.**

To address Defendants' argument in opposition to the proposed amendment to Plaintiff's Original Complaint, the first logical step is to determine whether Defendants are correct that the substantive law of Texas would apply to the claims brought by Plaintiff in this case. "When exercising diversity jurisdiction under 28 U.S.C. § 1332, a district court ordinarily applies the choice-of-law rules of the State in which it sits."  *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1270 (10th Cir. 2021) (citations omitted).  This district sits in New Mexico; therefore, the Court looks to New Mexico's choice of law rules to determine the substantive law that would apply.  In New Mexico, courts ordinarily "follow the doctrine of *lex loci delicti commissi* - that is, the substantive rights of the parties are governed by the law of the place where the wrong occurred." *Terrazas v. Garland & Loman, Inc*., 2006-NMCA-111, ¶ 12, 140 N.M. 293, 296, 142 P.3d 374, 377 (citing *First Nat'l Bank in Albuquerque v. Benson*, 89 N.M. 481, 553 P.2d 1288 (Ct.App.1976)).  The "place of the wrong" under this rule is "the location of the last act necessary to complete the injury." *Torres v. State*, 1995-NMSC-025, ¶ 13, 119 N.M. 609, 613, 894 P.2d 386,

---

[1] In their Motion to Dismiss, Defendants refer to the legislation as the "Texas Liability Arising from Farm Animals Act." (Doc. 37 at 5).  The Court, however, will refer to the law as the "Texas Farm Animal Activity Act" or "Farm Animal Act," as identified by the Texas Supreme Court.  *See Waak v. Rodriguez*, 603 S.W.3d 103, 104 (Tex. 2020).

[2] This argument is also the primary grounds for Defendant's request that the Court dismiss Plaintiff's Original Complaint under rule 12(b)(6).  (Doc. 37).

390. "This rule is not utilized, however, if such application would violate New Mexico public policy." *Id.*

Here, there is no dispute that the place where the alleged wrong occurred was Elgin, Texas. (Doc. 1 at 2). Given New Mexico's general adherence to the rule that the rights and liabilities of the parties are governed by the law where the wrong occurred, it may very well be that Texas law applies to this case. However, as noted by the New Mexico Supreme Court, the analysis does not end upon identifying the location of the incident at issue. Instead, there is the additional step of determining whether the application of Texas law to this matter would violate New Mexico policy. *See Torres*, 1995-NMSC-025, ¶ 13. The parties, however, have not addressed this issue. Thus, although it may very well be that the Court ultimately determines Texas law controls the claims brought by Plaintiff in this case, at this stage of the litigation it cannot say that it does so as a matter of law.

  **2. Even if Texas law does apply, the Court cannot determine on this record that it would be futile for Plaintiff to amend his complaint.**

Defendants argue that Plaintiff's amendment would be futile because Texas' Farm Animal Act protects them from liability for damages in this case and none of the exceptions to liability apply here. The Court cannot agree with Defendant's conclusory assertion. Even if Texas substantive law applies to the claims in this action, it does not necessarily follow that the Farm Animal Act would apply or that Plaintiff's claims would not fall into any of the statutory exceptions to the non-liability provisions of the statute. The Court agrees with Judge Ritter's observation that the Act's provisions are very fact dependent, and its applicability turns on many issues that have yet to be determined through discovery. (Doc. 55 at 9). For instance, there remains questions regarding whether Plaintiff's injuries resulted "from the dangers or conditions that are an inherent risk of a farm animal," whether Defendants "did not make a reasonable and prudent

effort to determine the ability of [Plaintiff] to engage safely in [a] farm animal activity," and/or whether Defendants willfully or wantonly disregarded Plaintiff's safety. (*Id.*); Tex. Civ. Prac. & Rem. Code § 87.003, 87.004(2), (4). There is also the question whether the activity which allegedly resulted in injury to Plaintiff was regulated in any way by the Texas Racing Commission. *See* Tex. Civ. Prac. & Rem. Code Ann. 87.002 ("This chapter does not apply to an activity regulated by the Texas Racing Commission"). Given the fact-driven nature of the applicability of the Farm Animal Act, the Court cannot determine on the current record whether the Act would apply and preclude Plaintiff's claims in this case. Defendants have thus not shown that Plaintiff's amendment would be futile.

### B. Defendants' Motion to Dismiss is Denied as Moot

Defendants' Motion to Dismiss is directed at Plaintiff's Original Complaint. (Doc. 37). Because the Court will allow Plaintiff to amend his complaint, Defendant's Motion will be denied as moot.

### IV.
### Conclusion

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Leave to Amend Complaint (Doc. 35) and **DENIES** Defendants' Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim Pursuant to the Proper Application of Texas Law (Doc. 37).

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE