**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**BRYCE BOUDIEU,[1]**

       **Plaintiff,**


**v.**                                                    **No. 2:23-cv-00165-DHU-JHR**

**SHAE COX and
SLC RACING, LLC,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S AMENDED MOTION FOR INSPECTION OF PROPERTY AND
EVIDENCE [DOC. 79]**

THIS MATTER comes before the Court on Bourdieu's Amended Motion for Inspection of

Property and Evidence [Doc. 79] ("inspection motion"). Defendants have filed their response,

[Doc. 81], Bourdieu his reply, [Doc. 87], and Defendants a sur-reply, [Doc. 93]. The Court has

reviewed the briefing, record, and applicable law. The Court GRANTS IN PART Bourdieu's

inspection motion and orders Defendants to produce all requested materials and to permit a limited

inspection of SLC Racing's Elgin, Texas ranch.

## I.       BACKGROUND

Bourdieu filed suit in this district against SLC Racing, LLC and Shae Cox, SLC Racing's

manager, owner, and employee. [Doc. 1]. SLC Racing trains, races, and breeds competitive

racehorses, doing business in Texas, New Mexico, Louisiana, and Oklahoma. Bourdieu alleges

that while working at SLC Racing's ranch in Elgin, Texas, Defendants' employees "allowed and

permitted" a ranch horse to fall and crush Bourdieu, causing him severe injuries and lasting

---

[1] The Court notes that the parties have corrected Plaintiff's name to "Bourdieu" but have not requested the Clerk of
the Court to update the case caption.

debilitations. *Id.* at 2. Defendants filed motions to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim, [Docs. 8, 37]; in the interim of these filings Bourdieu requested leave to amend his complaint [Doc. 35].[2] The Court denied Defendants' motion to dismiss for lack of personal jurisdiction and improper venue without prejudice so that the parties could engage in jurisdictional discovery. [Doc. 25]. Defendants later withdrew their challenge to personal jurisdiction and filed an answer. [Docs. 43, 57]. The Court also denied Defendants' motion to dismiss for failure to state a claim and granted Bourdieu leave to amend his pleadings. [Doc. 76].

The parties began discovery regarding jurisdictional issues and then general discovery pursuant to the Court's scheduling order. [Doc. 64]. Bourdieu filed a motion to compel inspection of SLC Racing's ranch in Elgin where the alleged accident occurred and for certain materials pursuant to Rule 34, which Defendants opposed after conferral. [Doc. 71]. The Court summarily denied the motion without prejudice and required the parties to attend a discovery conference on August 8, 2024. [Docs. 72, 73]. However, the parties could not reach an agreement on Bourdieu's discovery requests at the conference, so the Court granted the parties leave to file appropriate motions. [Doc. 74].

## II.   BRIEFING SUMMARY

Pursuant to Rule 34, Bourdieu moves to inspect (1) the horse that injured him, (2) the physical grounds of SLC Racing's ranch in Elgin where the accident occurred, (3) the signage required by Texas law warning of potential dangers from horses and farm animals on the ranch, (4) the ranch's starting gate for horse racing, (5) all photographs of the ranch premises possessed by Defendants, and (6) any and all written reports to any doctor, EMS, or ER personnel concerning

---

[2] Bourdieu's motion to amend and Defendants' motion to dismiss for failure to state a claim were filed on the same day. [*See* Docs. 35, 37].

Bourdieu's injuries. [Doc. 79, at 1–2]. Bourdieu asserts these items are relevant to the case at large and particularly to Defendants' sign-posting statutory defense. [Doc. 79, at 1–2]; [Doc. 87, at 2]. Bourdieu would not disturb or alter the property and would allow Defendants' counsel and Cox (or her agent) to attend the inspection. [Doc. 79, at 2].

Defendants respond that Bourdieu violated local rules and the Federal Rules of Civil Procedure by not adequately responding to their objections prior to filing the inspection motion. [Doc. 81, at 1]. Defendants object to the inspection of the ranch and agree to the remainder of the proposed Rule 34 discovery. *Id.* at 2. Defendants ask for denial of the inspection of the ranch as both intrusive and duplicative in light of Bourdieu's current possession of a video of him riding a horse at the ranch's starting gate and the Defendants' videos of signage at the ranch produced with their response. *Id.* Bourdieu replies that he adequately conferred with Defendants' counsel via email and the discovery conference held before the Court. [Doc. 87, at 1]. Bourdieu denies that Defendants' videos nullify his right to discovery or satisfy the needs of the case. *Id.* at 2.

The parties raised an additional issue in their reply and sur-reply. Bourdieu argues an inspection of the entire ranch grounds would help his experts determine if the ranch is subject to the regulations of the Texas Racing Commission, which could alter the applicability of Texas liability laws concerning farm workers and farm animals.[3] *Id.*; [Doc. 93, at 1]. Defendants respond that Bourdieu untimely and in bad faith raises a futile legal theory. [Doc. 93, at 2].

### III.    APPLICABLE LAW

Rule 34(a)(2) entitles a party to inspect, measure, survey, photograph, test, or sample any land or property within the possession or control of an opposing party that falls within the scope

---

[3] Bourdieu refers to this law as the Texas Farm Workers Statute, and Defendants raise the Texas Farm Animals Liability Act in reply. [Doc. 87, at 2]; [Doc. 93, at 1]. The parties do not cite statutory provisions and so the Court cannot determine with certainty if they mean to refer to the same statute.

of Rule 26. In other words, a party may inspect any property that "is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant but non-exclusive factors include the importance of the issues at stake, the amount in controversy, the parties' relative access to the information needed, the importance of the information to resolving material issues, and the burden and expense of the discovery compared to its likely benefit. *Id.* A party may object to an inspection by stating their grounds for doing so with specificity. Fed. R. Civ. P. 34(b)(2)(c). The court then must balance the interest in discovering relevant material against the burdens and dangers the inspection may create. *Steele v. Graves Ranch, Inc.*, No. 19-CV-103-F, 2021 WL 9544862, at *2 (D. Wyo. Apr. 22, 2021). Courts enjoy considerable discretion in making that determination. *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir. 1995).

Parties may move the court to compel an uncooperative party's discovery response. Fed. R. Civ. P. 37(a)(1), 26(b)(1). Prior to filing a motion to compel, the party must take certain steps. Under the local rules for the District of New Mexico and the Federal Rules of Civil Procedure, a party must confer in good faith with the opposing party to learn if they object to the requested relief. D.N.M.LR-Civ 7.1(a); Fed. R. Civ. P. 37(a)(1). Also, if a scheduling order requires it, a party must request a conference before the court to attempt to resolve the discovery dispute without filing a motion. Fed. R. Civ. P. 16(b)(3)(B)(v). The court has discretion to do deny a motion for failure to comply with these steps. *Wilson v. Montano*, Civ. No. 11-658 KG/SCY, 2017 WL 4271409, at *3 (D.N.M. Feb. 28, 2017) (citing *Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986)); *United States v. United Park City Mines Co.*, No. 2:19-cv-00200-BSJ-DBP, 2019 WL 5637413, at *1 (D. Utah Oct. 31, 2019) (citing *Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007)).

## IV.    ANALYSIS

At the outset, I find that Bourdieu has satisfied his conferral and conferencing obligations under the local rules and Federal Rules of Civil Procedure. Bourdieu showed the parties attempted to agree through email exchanges, [Doc. 79, at 9–18], which Bourdieu referenced in his motion. *Id.* at 2. The parties also attended a conference where the Court gave Bourdieu leave to file. [Doc. 74]. Therefore, the Court finds Bourdieu discharged his conferral and conferencing obligations. *Kannaday v. Ball*, 292 F.R.D. 640, 643 (D. Kan. 2013); *Legacy Mills, LLC v. Nat'l Sur. Corp.*, Civ. No. 21-950 MV/SCY, 2022 WL 17819675, at *1 (D.N.M. Dec. 20, 2022).

With respect to the ranch itself, the site where the accident occurred and visible signage have undisputed relevance to Bourdieu's claims and Defendants' defenses revolving around workplace negligence and Texas liability law. [Doc. 1, at 2]; [Doc. 57, at 2–5]. Defendants argue that existing videos make in-person inspection duplicative and needlessly intrusive. [Doc. 81, at 2]. But Rule 37 ensures access to the property itself for a party to make its own assessment, unqualified by prior receipt of the opposing parties representations of site conditions. Fed. R. Civ. P. 34(a)(2); *compare Black & Veatch Corp. v. Aspen Ins. (UK) Ltd*, No. 12-2350-SAC, 2015 WL 4478435, at *9 (D. Kan. July 22, 2015) (plaintiff hiring own expert to generate a damages report for the defense does not alleviate duty to produce underlying documents).

The parties also do not dispute that hypothetically the extension of Texas Racing Commission authority to the premises could support a defense to liability in a case like this. *See* [Docs. 87, 93]. But Defendants contend that Bourdieu's racing commission theory is futile on the law as applied to these facts and therefore any discovery intended to support it is improper—effectively, an argument for a merits determination. [Doc. 93, at 2]. But the Court in discovery considers whether the requested material is relevant to a claim or defense, not whether that claim or defense ultimately prevails. Fed. R. Civ. P. 26(b)(1); *Rosen v. Nationwide Prop. & Cas. Ins. Co.*,

No. 1:22-cv-01378-DDD-SBP, 2024 WL 2245174, at *3 (D. Colo. May 17, 2024). Bourdieu acknowledging the issue in reply does not justify precluding discovery nor prove bad faith. The applicability of Texas liability laws to the ranch has been at issue since the parties filed their pleadings and discovery's broad scope may extend to relevant issues beyond the explicit text of the pleadings. *See Gomez*, 50 F.3d at 1520 (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

But some limitations on the inspection are appropriate. Now suggesting that the entire ranch should be inspected, Bourdieu does not explain why the limited scope of his previous request is inadequate, particularly along with his use of other discovery devices, to provide his experts with adequate information to explore applicability of the Texas liability laws at issue. [Doc. 79, at 1]; [Doc 81, at 2]. Without Bourdieu explaining the broader necessity, the significant increase in time and cost incurred by inspecting the entirety of the ranch likely outweighs its usefulness. Fed. R. Civ. P. 26(b)(1). Therefore, the Court will limit access for inspection to the starting gate where Bourdieu was injured, locations of signage warning of the dangers associated with horses and other farm animals, and all areas of the ranch where Bourdieu would have encountered pertinent warning signs during performance of his duties. In light of Defendant's lack of objection to other requests, the Court also orders (1) inspection of the horse that injured Bourdieu if still in possession or control of any Defendant, and (2) examination and copying of (a) all photographs of the ranch in Elgin and (b) any and all written reports to any doctor, EMS personnel, or ER personnel concerning the injury to Bourdieu.

## V.    **CONCLUSION**

In summary, for the reasons above the Court ORDERS Defendants to produce the following items for Bourdieu's access and inspection pursuant to Rule 34(a)(2):

1. The horse ridden by Bourdieu at the time of the accident if in the possession or control of any Defendant.

2. The warning signage concerning horses and farm animals' potential danger and where they are posted on the ranch as required by Texas law.

3. The starting gate and surrounding area where Bourdieu was injured, and all areas of the ranch's grounds where Bourdieu would perform his typical work duties and may have encountered the signage above.

4. All photographs of the premises in question in Defendants' possession.

5. Any and all written reports or writing to any doctor, EMS personnel or ER personnel concerning the injury to Bourdieu.

Defendants shall produce these items and permit inspection of the ranch grounds and horse within **sixty (60) days** of this Order. Defendants and their counsel, either personally or through a designated agent, may accompany Bourdieu during his inspection if they choose.

Under Rule 37(a)(5), the Court finds that Bourdieu may be entitled to some or all of his attorneys fees and costs associated with his inspection motion. Fed. R. Civ. P. 37(a)(5)(A), (C). However, under the rule Defendants must be given an opportunity to be heard. *Id.* Within **fourteen days of entry** of this Order, the Court invites Bourdieu to submit an application and supporting affidavit and records setting forth the fees and expenses attributable to the inspection motion that the Court should award. Defendants may file objections, if any, within fourteen days of service of the motion. Bourdieu may file a reply, if any, within seven days of service of the objections.

**IT IS SO ORDERED.**

Hon. Jerry H. Ritter
United States Magistrate Judge