IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRYCE BOUDIEU,[1]

    Plaintiff,

v.   No. 2:23-cv-00165-DHU-JHR

SHAE COX and
SLC RACING, LLC,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AMENDED MOTION TO COMPEL DEPOSITION [DOC. 78]

THIS MATTER comes before the Court on Bourdieu's Amended Motion to Compel Depositions ("deposition motion"). [Doc. 78]. Defendants have filed their response, [Doc. 82], and Bourdieu his reply [Doc. 87]. The Court has reviewed the briefing, record, and applicable law. The Court GRANTS IN PART Bourdieu's deposition motion to require Cox's deposition to follow Defendants' completion of Rule 34 disclosures, ordered previously, and DENIES IN PART Bourdieu's request regarding the location of the deposition.

### I.    BACKGROUND

Bourdieu filed suit in this district against SLC Racing, LLC and Shae Cox, SLC Racing's manager, owner, and employee. [Doc. 1]. SLC Racing trains, races, and breeds competitive racehorses, doing business in Texas, New Mexico, Louisiana, and Oklahoma. Bourdieu alleges that while working on SLC Racing's ranch in Elgin, Texas, Defendants' employees "allowed and permitted" a ranch horse to fall and crush Bourdieu, causing him severe injuries and lasting debilitations. *Id.* at 2. Defendants filed motions to dismiss for lack of personal jurisdiction,

---

[1] The Court notes that the parties have corrected Plaintiff's name to "Bourdieu" but have not requested the Clerk of the Court to update the case caption.

improper venue, and failure to state a claim, [Docs. 8, 37]; in the interim of these filings Bourdieu requested leave to amend his complaint [Doc. 35].[2] The Court denied Defendants' motion to dismiss for lack of personal jurisdiction and improper venue without prejudice so that the parties could engage in jurisdictional discovery. [Doc. 25]. Defendants later withdrew their challenge to personal jurisdiction and filed an answer. [Docs. 43, 57]. The Court also denied Defendants' motion to dismiss for failure to state a claim and granted Bourdieu leave to amend his pleadings. [Doc. 76].

The parties began discovery, first regarding jurisdictional issues and then general discovery pursuant to the Court's scheduling order. [Doc. 64]. Bourdieu later filed a motion to compel Defendants to allow him to inspect SLC Racing's ranch in Elgin where the alleged accident occurred and receive certain materials pursuant to Rule 34, which Defendants opposed after conferral. [Doc. 71]. The Court summarily denied the motion without prejudice and required the parties to attend a discovery conference. [Docs. 72, 73]. The parties appeared before the Court on August 8, 2024, but could not reach an agreement on Bourdieu's discovery requests. [Doc. 74]. The Court then granted the parties leave to file discovery motions as appropriate. *Id.* Bourdieu filed two motions, one to compel Defendants to comply with his Rule 34 requests, and the deposition motion. [Docs. 78, 79]. The Court granted in part Bourdieu's motion for Rule 34 discovery, [Doc. 95], and now address the deposition motion.

## II.    BRIEFING SUMMARY

Bourdieu requests to depose Cox on SLC Racing's Elgin ranch immediately after completing his Rule 34 inspection in the interest of cost and convenience. [Doc. 78, at 2]. Defendants respond that Bourdieu violated the District of New Mexico's local rules and the

---

[2] Bourdieu's motion to amend and Defendants' motion to dismiss for failure to state a claim were filed on the same day. *See* [Docs. 35, 37].

Federal Rules of Civil Procedure by not adequately conferring with them on his deposition request or asking for a discovery conference prior to filing his motion. [Doc. 82, at 2]. Defendants also object to requiring Cox to attend her deposition at the Elgin ranch and represent they would agree to a location in Austin, Texas or closer to Cox's residence. *Id.*

### III.     APPLICABLE LAW

While a deposing party generally may set a deposition's time and place under Rule 30(b), the court has broad discretion to issue a protective order making those determinations to prevent undue burden and expense. *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004) (citing *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987)). In particular, out-of-state defendants tend to receive more accommodation for where the plaintiff may depose them given plaintiffs have the benefit of choosing the litigation's forum. *Id.* Courts presume that out-of-state defendants' depositions should occur near their residence or principal place of business, subject to factors such as cost, convenience, efficiency, or mutual agreement between the parties. *Valencia v. Colo. Cas. Ins. Co.*, No. Civ. 06-1259 JB/RHS, 2007 WL 5685360, at *5 (D.N.M. Dec. 8, 2007).

Parties may move to compel an uncooperative party's disclosure or discovery. Fed. R. Civ. P. 37(a)(1), 26(b)(1). But prior to filing said motion, a party must take certain steps. Under the local rules for the District of New Mexico and the Federal Rules of Civil Procedure, a party must have conferred in good faith with the opposing party to see if they object to the requested relief. D.N.M.LR-Civ 7.1(a); Fed. R. Civ. P. 37(a)(1). In addition, if a scheduling order requires it, a party must also request a conference before the court to attempt to resolve the discovery dispute without motions practice. Fed. R. Civ. P. 16(b)(3)(B)(v). The conferral and conferencing requirements help reduce the time, cost, and court involvement needed to resolve a dispute. *Ivanti, Inc. v. Staylinked Corp.*, No. 2:19-cv-00075-RJS-JCB, 2022 WL 504142, at *2 (D. Utah Feb. 18, 2022). The court

has discretion to summarily deny a motion for failure to comply with these steps. *Wilson v. Montano*, Civ. No. 11-658 KG/SCY, 2017 WL 4271409, at *3 (D.N.M. Feb. 28, 2017) (citing *Hernandez v. George*, 793 F.2d 264, 266 (10th Cir. 1986)); *United States v. United Park City Mines Co.*, No. 2:19-cv-00200-BSJ-DBP, 2019 WL 5637413, at *1 (D. Utah Oct. 31, 2019) (citing *Schulte v. Potter*, 218 F. App'x 703, 709 (10th Cir. 2007)).

## IV.    ANALYSIS

I do not find adequate justification to deny Bourdieu's deposition motion for failure to confer or request a conference. First, the parties did confer and attempt to agree on a time and place for Cox's deposition. [Doc. 78, at 8–20]. Second, Bourdieu and Defendants have completed their briefing on this issue. Third, Defendants' objections are narrow and connected to the ranch inspection issue on which the Court gave Bourdieu leave to file a motion. *Id.*; [Doc. 74]. Delaying consideration of the deposition motion now would increase the amount of court involvement and cost by creating duplicative work for all parties, contravening the purpose of the conferral and conferencing requirements. *Ivanti*, 2022 WL 504142, at *2. Therefore, the Court proceeds to the merits.

The Court orders the parties to schedule Cox's deposition for a time after Bourdieu conducts his inspection and receives his requested documents pursuant to the Court's prior order. [Doc. 95]. The Court agrees with Bourdieu that doing so will obviate the possible need for a second deposition addressed to information Bourdieu may obtain through the Rule 34 discovery, reducing the time and cost needed from both parties. [Doc. 78, at 3]. However, the Court will not order the deposition on the ranch immediately post-inspection. While Bourdieu argues for that time and location for convenience and to reduce expenses, *id.* at 2–3, the law looks to the convenience of the deponent. *See Valencia*, 2007 WL 5685360, at *5. The Court orders that the parties agree on a deposition location in Austin, Texas or closer to Cox's residence as requested by Defendants.

## V.     CONCLUSION

In summary, the Court GRANTS IN PART the deposition motion and orders the parties to schedule the deposition of Shae Cox to occur within **thirty (30) days** of the completion of the Rule 34(a)(2) discovery previously ordered by the Court. [Doc. 95]. The deposition shall occur at a mutually agreed location in Austin, Texas or closer to Cox's residence.

Under Rule 37(a)(5), the Court finds that Bourdieu may be entitled to some or all of his attorneys' fees and costs associated with this motion. Fed. R. Civ. P. 37(a)(5)(A), (C). However, Defendants are entitled under the rule to be heard. *Id.* Therefore, within **fourteen days of entry** of this Order, the Court invites Bourdieu to submit an application and supporting affidavit and records setting forth with particularity the fees and expenses attributable to this motion that the Court should award. Defendants may file objections, if any, within fourteen days of service of the application. Bourdieu may file a reply, if any, within seven days of service of the objections.

**IT IS SO ORDERED.**

_____
Hon. Jerry H. Ritter
United States Magistrate Judge