**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**BRYCE BOURDIEU and**
**JULIE RENEE FARR,**

      **Plaintiffs,**

    **v.**                                  **No. 2:23-cv-00165-DHU-JHR**

**SHAE COX and**
**SLC RACING, LLC,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER RESOLVING DEFENDANTS' MOTION TO STRIKE [DOC. 117] AND PLAINTIFFS' MOTION TO COMPEL DEPOSITION [DOC. 121]**

THIS MATTER comes before the Court on Defendants' Motion to Strike Plaintiffs' Purported Expert Disclosures and Designations; To Preclude Any Expert Testimony Proferred [sic] by Plaintiffs and to Quash Dr. Wachtman's Notice Deposition March 11, 2025 [Doc. 117], and on Plaintiffs' Motion to Compel Deposition and Request for an Expedited Hearing [Doc. 121]. Defendants filed a response to Plaintiffs' motion to compel [Doc. 124], and Plaintiffs did not file responsive briefings on either motion. The Court has considered the briefing, case record, and applicable law. The Court **GRANTS IN PART** Defendants' motion to strike and **DENIES** Plaintiffs' motion to compel.

## I.     BACKGROUND

On February 2, 2023, Bryce Bourdieu filed suit against Defendants SLC Racing, LLC, and Shae Cox, SLC's manager, owner, and employee. [Doc. 1]. SLC is a racehorse training, racing, and breeding enterprise. Bourdieu alleged that while working for SLC its employees negligently "allowed and permitted" a horse to fall on and crush Bourdieu, causing severe and debilitating injuries and requiring amputation. *Id.* at 2. Defendants filed motions to dismiss for lack of personal

jurisdiction, improper venue, and failure to state a claim in response. [Docs. 8, 37]. Before the resolution of these motions, Bourdieu requested leave to amend his complaint. [Doc. 35]. Presiding District Judge David Urias denied without prejudice Defendants' motion to dismiss for lack of jurisdiction and permitted jurisdictional discovery. [Doc. 25]. Defendants later withdrew their jurisdictional challenge, filed an answer and counterclaim against Bourdieu, and moved for partial judgment on the pleadings. [Docs. 57, 62].

On April 23, 2024, Magistrate Judge Jerry Ritter entered a scheduling order, setting deadlines for expert disclosures on October 2, 2024, for Bourdieu and November 4, 2024, for Defendants. [Doc. 64, at 2]. The deadline for completing discovery was December 2, 2024. *Id.* In addition, Judge Ritter ordered the parties to attend a settlement conference on December 16, 2024. [Doc. 67].

On August 21, 2024, Judge Urias denied Defendants' motion to dismiss for failure to state a claim and granted Bourdieu leave to file his first amended complaint. [Doc. 76]. The amended complaint contained more detailed allegations and formally specified Bourdieu's claim as one of gross negligence. [Doc. 85]. As discovery proceeded, Bourdieu sought leave to file a second amended complaint that would name his mother, Julie Renee Farr, as co-plaintiff and add claims for negligent or unlawful operation of a training facility, breach of contract, and fraud. [Doc. 80-2]. On October 2, 2024, Bourdieu filed a certificate of compliance representing he had mailed "supplemental disclosures" to Defendants. [Doc. 89]. Bourdieu also filed his own motion to dismiss Defendants' counterclaim for lack of jurisdiction. [Doc. 90].

On November 25, 2024, the parties met with Judge Ritter to discuss their settlement prospects and agreed resolution was unlikely. [Doc. 98 text only]. Judge Ritter vacated the settlement conference and set a status conference for January 28, 2025. *Id.*; [Doc. 99 text only].

On December 3, 2024, the parties jointly moved to extend scheduling order deadlines. [Doc. 100]. Judge Ritter granted the motion, resetting the expert disclosure deadlines to January 15, 2025, for Bourdieu and February 14, 2025, for Defendants and the close of discovery to February 14, 2025. [Doc. 103, at 2].

On January 6, 2025, Judge Urias issued an omnibus order denying Defendants' outstanding motion for judgment on the pleadings, granting Bourdieu leave to file the second amended complaint, and denying Bourdieu's motion to dismiss Defendants' counterclaim. [Doc. 106]. Plaintiffs filed the second amended complaint and, on January 14, 2025, a "designation of experts" which included Dr. Galen Wachtman, Bourdieu's plastic surgeon. [Doc. 108]. The designation lacked specific addresses and telephone numbers for several witnesses and did not include any expert reports or summations. *Id.* Approximately one week later, Plaintiffs answered Defendants' counterclaim [Doc. 109]. On January 24, 2025, Judge Urias set trial for May 27, 2025, with a pretrial conference scheduled for May 14, 2025. [Doc. 110]. The next day, Defendants moved to dismiss Plaintiffs' second amended complaint for failure to state a claim. [Doc. 111]. On January 28, 2025, Defendants filed an amended answer to Plaintiffs' second amended complaint, which included an amended counterclaim. [Doc. 112].

The same day, the parties met for their status conference. [Doc. 113 text only]. They asked to extend deadlines again and agreed to file a joint status report reflecting agreed and disputed dates. *Id.* Defendants identified disputes on the disclosure of Bourdieu's medical records and communications pertaining to medical malpractice claims considered by Bourdieu, if any. *Id.* After discussion without agreement, Judge Ritter gave Defendants leave to file related motions. *Id.*

The parties' February 4, 2025, joint status report provided stipulated expert disclosure deadlines of February 14, 2025, for Plaintiffs and March 14, 2025, for Defendants and a new

discovery deadline on April 14, 2025. [Doc. 114]. Judge Ritter set a new settlement conference for April 7, 2025. [Doc. 116].

On February 25, 2025, Defendants filed the instant motion to strike, arguing Plaintiffs failed to comply with expert disclosure requirements. [Doc. 117]. Plaintiffs did not file a response but instead on February 27, 2025, filed the instant motion to compel the deposition of Dr. Wachtman. [Doc. 121]. On the same day, Defendants moved for default judgment on their amended counterclaim. [Doc. 120].

On March 24, 2025, Judge Ritter held another status conference to discuss the likelihood of settlement, the joint status report, and active discovery disputes. The Court noted that the parties' proposed case management deadlines would expire close to Judge Urias's trial date and leave insufficient time for briefing and decision on dispositive motions; Defendants stated they would move to continue the trial. [Doc. 126 text only]. Judge Ritter vacated the April 7th settlement conference due to an unlikely prospect of settlement. [Doc. 127 text only]. Defendants then moved to vacate the trial setting, blaming Plaintiffs' deficient expert disclosures and failure to respond to the amended counterclaim, as well as other incomplete discovery. [Doc. 128].

## II.    BRIEFING SUMMARY

In their motion to strike, Defendants argue Plaintiffs violated Rule 26(a) by failing to include complete contact information and expert reports for their designated experts. [Doc. 117, at 6–7].[1] Defendants ask the Court to: (1) strike Plaintiffs' disclosures and designation of experts, (2) exclude any evidence provided by Plaintiffs' experts either at trial or in motions, (3) prohibit

---

[1] Defendants also assert Plaintiffs only disclosed 62 out of 4,500-plus pages of relevant medical records. *Id.* at 7. While Defendants raise the issue, they limit their arguments and requested relief to Rule 26(a)(2) expert disclosures. Therefore, the Court will not address the disclosure of Bourdieu's medical records in this order.

testimony at trial on the causation of Plaintiffs' injuries, (4) quash the deposition of Dr. Wachtman, and (5) grant any other relief deemed just and proper. [Doc. 117, at 15].

In their motion to compel, Plaintiffs argue that Defendants have long known that Dr. Wachtman, would offer testimony of his treatment of Bourdieu as a fact witness. [Doc. 121, at 1–2]. Plaintiffs contend that Defendants' refusal to schedule Dr. Wachtman's deposition violates the Court's case management orders. *Id.* at 2. Defendants respond that Plaintiffs' motion is procedurally improper and incorporate by reference their motion to strike. [Doc. 124].

### III.   APPLICABLE LAW

**A.   Expert Disclosure Obligations Under Rule 26(a).**

The Federal Rules of Civil Procedure distinguish between lay and expert testimony, not lay and expert witnesses. *Vincent v. Nelson*, 51 F.4th 1200, 1213 (10th Cir. 2022). Lay opinions are those rationally based on the witness's perception of events and calling on common experience. *Id.* at 1213–14 (citing Fed. R. Evid. 701). Expert opinions rely on some scientific, technical, or otherwise specialized knowledge. Fed. R. Evid. 702.

Every party must disclose the names and, if known, telephone numbers and addresses of their anticipated witnesses. Fed. R. Civ. P. 26(a)(1)(A)(i). Additional requirements apply for witnesses who may offer expert testimony. Fed. R. Civ. P. 26(a)(2). Where a party retains, specially employs, or regularly calls on a witness as part of their employment for expert testimony, that witness must prepare and sign a written report that contains:

> (i)   a complete statement of all opinions the witness will express and the basis and reason for them;
> (ii)   the facts or data considered by the witness in forming them;
> (iii)   any exhibits that will be used to summarize or support them;
> (iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi)    a statement of the compensation to be paid for the study and testimony in
>         the case

Fed. R. Civ. P. 26(a)(2)(B). For any other expert witness, a party must disclose the subject matter

and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P.

26(a)(2)(C). A party must make their disclosures at least "90 days before the date set for trial or

for the case to be ready for trial" unless ordered or stipulated otherwise. Fed. R. Civ. P.

26(a)(2)(D)(i).

**B.    Sanctions for Rule 26(a) Violations.**

If a party fails to meet their Rule 26(a) disclosure obligations, "the party is not allowed to

use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless

the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In addition to or

instead of exclusion, a court may order the payment of reasonable expenses to the other party

caused by the failure, inform the jury of the failure, or impose sanctions listed under Rule

37(b)(2)(A).[2] *Id.* A court enjoys broad discretion to determine if evidence should be excluded

under Rule 37(c)(1). *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191–92

(10th Cir. 2009).

In assessing the harm of a Rule 26(a) violation, courts are guided by four factors: (1) the

prejudice and surprise of the improper disclosure, (2) the ability to cure the prejudice, (3) the

disruption to trial caused by the violation, and (4) any bad faith or willfulness by the violating

party. *Woodworker's Supply Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Courts need not apply the *Woodworker's* factors formulaically but must reflect consideration of

---

[2] Rule 37(b)(2)(A) sanctions include taking certain facts as established for trial, prohibiting supporting, opposing, or introducing certain matters into evidence, striking pleadings, staying proceedings, dismissing claims or the entire action, or entering default judgment. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vi).

the factors in their reasoning. *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1201 (10th Cir. 2017) (reversing district court that overlooked the "lion's share" of *Woodworker's* factors).

The court's choice of sanction for a Rule 37 violation "must be both just and related to the particular claim which was at issue in the order to provide discovery." *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)). Furthermore, when the exclusion of expert testimony would be tantamount to dismissal, the court must consider whether a lesser sanction can remedy the violation. *HCG Platinum*, 873 F.3d at 1205–06.

## IV.    ANALYSIS

As an initial matter, the Court finds that Plaintiffs' motion to compel does not satisfy the requirement of D.N.M.LR-Civ 7.1 to state whether a motion is opposed, nor did Plaintiffs request an informal discovery conference beforehand pursuant to the Court's scheduling order. [Doc. 103, at 2]. Thus, the Court will not consider the motion's requested relief of compelling Dr. Wachtman's deposition. However, the Court will treat Plaintiffs' motion to compel as a response to Defendants' related motion to strike. *See De Baca v. United States*, 399 F. Supp. 3d 1052, 1182 (D.N.M. 2019) (treating motion to strike as a surreply).[3]

Turning to the merits, none of Plaintiffs' filings—including their designation of experts [Doc. 108]—contain the expert reports or summations required for their retained and non-retained expert witnesses. Furthermore, several witnesses lack either the contact information required under

---

[3] The Court also notes that Defendants' motion to strike, a Rule 37 motion alleging violation of discovery obligations, was filed after the February 21, 2025, deadline for discovery-related motions. [Doc. 103, at 2]. The Court nevertheless considers the motion to strike on the merits because it reflects an intractable roadblock to discovery between the parties.

Rule 26(a)(1) or an assertion by Plaintiff that they could not obtain it. [Doc. 108]; [Doc. 117-1, at 2]. And Plaintiffs do not contest Defendants' representation that they did not disclose that information elsewhere. Plaintiffs only assert that Dr. Wachtman, as a treating physician for Bourdieu, is a lay witness for whom the Rule 26(a)(2) disclosure requirements do not apply. While Dr. Wachtman can act as a lay witness without expert disclosures, the failure to make those disclosures circumscribes his permissible testimony. *E.g.*, *Parker v. Delta Air Lines, Inc.*, 343 F.R.D. 224, 228 (D.N.M. 2022) (discussing limits on ability of treating physicians to testify to causation of injuries as lay witnesses). Regardless, Plaintiffs say nothing about their other designated experts. The Court therefore finds that Plaintiffs violated their Rule 26(a)(2) disclosure obligations.

Turning to sanctions, this Court held that once a party commits a Rule 26(a) violation, they bear the burden of proving their violation was substantially justified or harmless under Rule 37(c)(1). *State Farm Mut. Auto. Ins. Co. v. Newmar Corp.*, 543 F. Supp. 3d 1079, 1084 (D.N.M. 2021). Plaintiffs neglect that burden by failing to respond to Defendants' motion to strike. However, the Court still has discretion with the selection of sanction. *See Neiberger*, 566 F.3d at 1191–92. Therefore, the Court will proceed to the *Woodworker's* factors to determine if exclusion is appropriate. *See Orjias v. Stevenson*, 31 F.3d 995, 1005 (10th Cir. 1994) (warning courts may abuse discretion if exclusion of expert testimony results in fundamental unfairness at trial).

Defendants argue the non-disclosures are harmful because they left Defendants unable to prepare for depositions and cross-examinations of Plaintiffs' experts. [Doc. 117, at 11]. Defendants specifically cite the ambiguity around Dr. Wachtman's opinion on whether the horse's fall or another intervening factor made Bourdieu's amputation necessary. *Id.* Defendants also argue the prejudice is incurable; if Plaintiffs made the disclosures now, it would necessitate significant time

and cost to review the reports, depose the experts, and conduct responsive discovery. *Id.* at 13. That time and expense would almost certainly derail the May 27 trial date. *Id.* Defendants therefore request the Court exclude all expert testimony and evidence of causation of Bourdieu's injuries. *Id.* at 15.

However, the case's posture mitigates the prejudice Defendants will suffer. Defendants cite decisions supporting exclusion where cases were on track for trial before the disclosure violation occurred. *Sonrisa Holding, LLC v. Circle K Stores, Inc.*, 835 F. App'x 334, 344 (10th Cir. 2020); *Harris v. Remington Arms Co., LLC*, 997 F.3d 1107, 1112–13 (10th Cir. 2021). Yet Defendants in this case already sought continuance of the current trial dates, citing nearly two pages of case preparation deficiencies of which non-disclosure of expert reports is a small part. [Doc. 128]. The parties have been negotiating new case management deadlines since late January. Finally, no pending dispositive motions would require additional briefing were Plaintiffs' expert testimony allowed. *Cf. Martinez v. Target Corp.*, 384 F. App'x 840, 847 (10th Cir. 2010) (plaintiff attempted to supplement expert reports nine months after deadline for disclosures, seven weeks after close of discovery, and after motion for summary judgment was filed). In sum, extensive discovery is still inevitable whether the Court excludes the expert testimony or not. In addition, Defendants represent that they have yet to depose any of Plaintiffs' experts, meaning they do not face the surprise and cost of new post-deposition reports. *See ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1177 (10th Cir. 2011) (while disclosure made one week before trial, expert would not introduce new or complicated theory, defendant knew what evidence plaintiff may try to bring, and defendant could still depose expert). Thus, the primary injury and disruption to trial caused by this violation is additional time in discovery the parties will likely expend regardless. Upon balancing the *Woodworker's* factors, I find that Plaintiffs' non-disclosures caused minimal harm.

Defendants' request for total exclusion is disproportional to the circumstances. Prohibiting all expert causation testimony concerning Bourdieu's injuries would gut Plaintiffs' negligence claims, effectively dismissing them. *See HCG Platinum*, 873 F.3d at 1204–05. The Tenth Circuit has cautioned courts to use exclusion under such circumstances as a last resort. *Id.* Since Defendants can still obtain the expert disclosures pre-deposition as well as their costs for bringing the instant motion to strike, the interest in resolution of the case on its merits outweighs the delay Plaintiffs' non-disclosures caused. *See Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (Parties are "not merely players in a game, trying to catch each other out . . . [L]itigation should promote the finding of the truth, and, wherever possible, the resolution of cases on their merits."). Therefore, the Court will order Plaintiffs to make the necessary expert disclosures and award Defendants their attorney fees and costs for briefing this matter.

## V.    <u>CONCLUSION</u>

The Court **ORDERS** Plaintiffs to make the following disclosures within **fourteen days** of this order: (1) Rediscose all expert witnesses contained in Plaintiffs' designation of experts [Doc. 108] pursuant to Rule 26(a)(1)(A) and Rule 26(a)(2)(A), including complete contact information or an explanation of Plaintiffs' attempts to retrieve that information; (2) Note all witnesses anticipated to provide expert testimony, including whether they are retained or not; and (3) provide all reports or summations as required by Rule 26(a)(2)(B) for retained experts and 26(a)(2)(C) for non-retained experts. The parties shall then cooperate to schedule depositions of the witnesses, including Dr. Wachtman.

The Court **ORDERS** that within **fourteen days** of this order Defendants may file an application for attorney fees and costs with accompanying affidavits for their motion to strike and

response to Plaintiffs' motion to compel [Docs. 117, 124]. Plaintiffs may submit a response to the amount requested within **fourteen days** of service of Defendants' application.

       IT IS SO ORDERED.

_____
Hon. Jerry H. Ritter
United States Magistrate Judge