IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRYCE BOUDIEU,**
**JULIE RENEE FARR**

    **Plaintiffs,**

v.                                                        No. 2:23-cv-00165-DHU-JHR

**SHAE COX, and**
**SLC RACING, LLC,**

    **Defendants**

## ORDER DENYING RENEWED MOTION FOR DEFAULT JUDGMENT

Before the Court is Defendants' renewed Motion for Default Judgment (Doc. 145). The Court, having considered the motion, the relevant law, the briefing and the procedural posture of this case, concludes that for the reasons stated below, Defendants' Motion for Default Judgment will be DENIED.

## RELEVANT PROCEDURAL BACKGROUND

This action arises from a horse-related accident that occurred on August 11, 2022, when Plaintiff sustained injuries after a horse toppled him. The parties are familiar with the relevant factual background in this matter. This Court granted Plaintiffs' Motion for Leave to File a Second Amended Complaint on January 6, 2025 (Doc. 106). Plaintiffs filed a Second Amended Complaint on January 10, 2025 (Doc. 107). Defendants filed an Amended Answer and Counterclaim on January 28, 2025 (Doc. 112). Plaintiffs did not respond to Defendants' Amended Counterclaim. Then, before the Clerk of the Court entered a default, Defendants filed a Motion for Default Judgment (Doc. 128) on their Amended Counterclaim, which the Court Denied on April 28, 2025,

1

on procedural grounds. (Doc. 137). On April 29, 2025, the Clerk of the Court entered the default (Doc. 138) and thereafter Defendants filed the instant Renewed Motion for Default Judgment on May 27, 2025. For the reasons stated below, the Court will **DENY** Defendant's Renewed Motion.

## DISCUSSION

Defendants seek a default judgment under Federal Rule of Civil Procedure 55, arguing that Plaintiffs should have responded to their Amended Counterclaim within 14 days of service of the amended pleading as required by Rule15(a)(3). (Doc. 145 at 1). Plaintiffs respond that they were not required to respond to Defendants' Amended Counterclaim because Defendants did not seek leave from the Court to file it under Rule 15(a)(2) – therefore default judgment is not appropriate. (Doc. 130 at 3). The question before the Court is thus whether Defendants could have filed their Amended Counterclaim as of right, which would have required an answer to the Amended Counterclaim from Plaintiffs, or whether Defendants must first seek and obtain leave from this Court to file their Amended Counterclaim before Plaintiffs are required to submit their Answer to it.

Amendments to pleadings are addressed in Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15(a), a party may amend a pleading once as a matter of course within "21 days after serving it," or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Thus, under Rule 15, a party must

normally obtain leave of court to amend its pleading. An amended pleading requires a response, a motion under Rule 12, or an amended answer. *See id.*

While Rule 15 addresses when an answer to an amended pleading must be filed, it does not explicitly address whether a defendant is required to obtain leave of court if it is asserting new or amended counterclaims. In addition, "[n]either the Supreme Court nor the Tenth Circuit has addressed whether a defendant may file amended counterclaims and new affirmative defenses as of right in response to an amended complaint or whether and to what extent they must seek leave to file an amended pleading pursuant to Rule 15(a)(2)." *Menapace v. Alaska Nat'l Ins. Co.*, No. 20-CV-00053, 2021 WL 2012324, at *6 (D. Colo. May 20, 2021). Courts in this district have similarly declined to weigh in on the matter.[1]

Other federal courts, however, have adopted several general approaches to answering the question. Under the permissive approach, a defendant served with an amended complaint may amend a counterclaim without leave of the court, regardless of the scope of changes in the amended complaint. *See Hydro Eng'g, Inc. v. Petter Inv., Inc.*, No. 2:11-cv-00139, 2013 WL 1194732, at *2 (D. Utah Mar. 22, 2013). Under the moderate approach, an amended response may be filed without leave when the amended complaint changes the theory or scope of the case. *See ConvergeOne, Inc. v. Logicalis, Inc.*, No. 2:22-cv-02151, 2022 WL 16736031, at *2-3 (D. Kan. Nov. 7, 2022) (discussing the various approaches, including the moderate approach). Finally, under what has been called the "uniform" approach,[2] courts apply the Rule 15 standard equally to amended

---

[1] *See Oliver v. Meow Wolf, Inc.*, No. Civ. 20-237, 2022 WL 676809, at *6 (D.N.M. Mar. 7, 2022) ("The Court is disinclined to venture into the legal thicket of which approach to apply…"); *Tuoni v. Metro. Prop. & Cas. Ins. Co.*, No. Civ. 16-1291, 2017 WL 3701869, at *3 n.2 (D.N.M. Aug. 22, 2017) (discussing approaches and finding "[t]he Court herein need not resolve this question…").

[2] *See Bibb Cnty. Sch. Dist. v. Dallemand,* No. 5:16-CV-549, 2019 WL 1519299, at *4 (M.D. Ga. Apr. 8, 2019) (discussing district courts applying the uniform approach).

complaints and amended (or new) counterclaims. *See Bern Unlimited, Inc. v. Burton Corp.* 25 F. Supp. 3d 170, 179 (D. Mass. 2014).

Upon consideration of each of these various options[3], the Court finds the more suitable course of action is for the court to follow the uniform approach. The Court finds persuasive the rationale set forth by the district court in *Bern Unlimited* for following this approach as opposed to the permissive or moderate approaches. The Court agrees, for instance, that the "permissive" approach appears to run contrary to the language, spirit, and purpose of Rule 15, which requires leave to amend a pleading to allow courts the opportunity to deny amendments that might cause undue delay, result in undue prejudice, or in the assertion of new claims that are futile or are asserted in bad faith. *See id*. at 178. The "moderate" approach also has its burdens, including requiring courts "to deal with the potentially difficult question of whether a counterclaim 'responds' to an amended complaint or not" or whether an amended complaint changes the scope or theory of the case. *Id.* at 179 (citing *Akzenta Paneele + Profile GmbH v. Unilin Flooring N.C. LLC*, 464 F. Supp. 2d 481, 486-87 (D. Md. 2006)); *ConvergeOne, Inc.*, 2022 WL 16736031, at *2-3.[4] The uniform approach, however, simply applies the Rule 15 standard equally to amended

---

[3] Under another approach, known as the "narrow approach," courts have held that an amended answer must be confined specifically to the amendments to the complaint, based on the interplay of Rules 13(f) and Rule 15. *See Virginia Innovation Sciences, Inc. v. Samsung Electronics Co., Ltd*., 11 F. Supp. 3d 622, 631 (E.D. Va. 2014). That approach, however, is no longer appropriate after the abrogation of rule 13(f) in 2009. *Id*.

[4] The Court notes that the moderate approach lacks legal delineation. For instance, some courts have interpreted the moderate approach as allowing parties to assert new counterclaims without seeking leave of court if the amended complaint changed the theory or scope of the case, regardless of whether the counterclaim relates to the changes in the amended complaint. *See Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, No. 18-cv-2104, 2020 WL 7332846, at *3 (W.D. Tenn. June 23, 2020), *report and recommendation adopted*, 2020 WL 6694299 (W.D. Tenn. Nov. 13, 2020). Other courts, however, require that the amended counterclaims "reflect the breadth of changes in the amended complaint" *Id*. (quoting *Adobe Sys. Inc. v. Coffee Cup Partners, Inc*., No. C 11-2243, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012)).

complaints and amended counterclaims and "require[s] the least contortion of the language of Rule 15(a), and is most consistent with its purpose." *Id*. As explained by the court in *Bern Unlimited*,

> A new or different counterclaim asserted after an amendment of the complaint is a 'pleading' governed by Rule 15(a), but does not fall under either category of 15(a)(1). It therefore must fall under rule 15(a)(2), which states that the 'the court's leave' (or the opponent's consent) is required '[i]n all other cases' before amended a pleading.

*Id*. (citing Fed. R. Civ. P. 15(a)(2)). Under this uniform approach, which the Court will adopt in this case, Defendants must seek to amend their counterclaims, just as Plaintiffs were required to seek and obtain leave before filing their amended pleadings in this case.

For these reasons, Defendants' renewed Motion for Default Judgment is DENIED. The Court need not address whether Plaintiffs failed to respond to the Amended Counterclaim because Defendants should have filed a motion for leave to file its Amended Counterclaim under Rule 15(a)(2) in the first instance. Defendants may file a motion pursuant to Fed. R. Civ. P. 15(a)(2), for leave to file an amended counterclaim against Plaintiffs.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Shae Cox, and SLC Racing, LLC's, Renewed Motion for Default Judgment (Doc. 145) is DENIED.

**IT IS SO ORDERED.**

_____
HONORABLE DAVID H. URIAS
UNITED STATES DISTRICT JUDGE